United States District Court

Southern District of Florida

Case Number: **06-80955**

**CIV-MIDDLEBROOKS**

ALEC J. PASKO,

Plaintiff(s),

vs.

CHERNE INDUSTRIES INCORPORATED;
UNITED RENTALS, INC.; AND DRESSER,
INC.,

Defendant(s).

_____/

MAGISTRATE JUDGE
JOHNSON

## PETITION FOR REMOVAL

COMES NOW the Defendant, CHERNE INDUSTRIES INCORPORATED, a foreign corporation ("CHERNE"), files this Petition for Removal in the above-captioned action.

1.  On September 25, 2006, the above-entitled action was served on Cherne Industries, Inc., a foreign corporation, in the Circuit Court of the Fifteenth Judicial Circuit, in and for Palm Beach County, Florida. It is now pending in such court.

2.  The amount of controversy in the above-entitled action exclusive of interest and costs exceeds Seventy-Five Thousand Dollars ($75,000.00).

3.  Plaintiff is a citizen and resident of the state of Florida. The defendants named herein are all foreign corporations, which do not have their principle places of business in Florida. Because all of the defendants are foreign corporations, they are entitled to removal based on diversity.

4.     This court has diversity jurisdiction over the above-entitled action pursuant to 28 USC § 1332, and the action may therefore be removed to this court pursuant to 28 USC § 1441(a). The complete file to the instant action alleges strict liability, negligence and breach of implied warranty. Copies of the Summons and Complaint are attached hereto as Exhibits A and B.

5.     The undersigned has spoken with counsel for the Co-Defendants, and they are in agreement on the removal of this action.

6.     A Notice of Filing this Petition for Removal is being filed in the Fifteenth Judicial Circuit.

WHEREFORE, the defendants, CHERNE INDUSTRIES INCORPORATED, UNITED RENTALS, INC. and DRESSER, INC. hereby request that the above-entitled action be removed from the Fifteenth Judicial Circuit in and for Palm Beach County, Florida to this court.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been provided by mail to the attached List of Counsel, on this 10th day of October, 2006.

ROMAGUERA, BAKER, DAWSON
& BRINGARDNER, P.A.
*Attorney for Defendants CHERNE INDUSTRIES, INC.*
3910 RCA Boulevard
Suite 1015
Palm Beach Gardens, FL 33410
Telephone:(561) 472-1077
Facsimile: (561) 472-1078

By: _____
RAUL ROMAGUERA
Florida Bar No.:     945858

1342.005988/88/pch

Niles P. (Pete) Rogers, Esq.
P.O. Box 35906
Cleveland, OH 44135
Phone: (216) 898-3451
Fax: (866) 317-0337
E-Mail: PRogers@oatey.com
**General Counsel Oatey Co**

Steven W. Halvorson, Esq.
Schuler & Halvorson, P.A.
Barristers Building
1615 Forum Place, Fourth Floor
West Palm Beach, FL 33401
Phone: (561) 689-8180
Fax: (561) 684-9683
E-Mail: admin@sh-law.com
**Attorney for Plaintiff, Pasko**

Randy R. Dow, Esq.
Page, Mrachek, Fitzgerald & Rose, P.A.
505 South Flagler Drive
West Palm Beach, FL 33401
Phone: (561) 655-2250.
Fax: (561) 655-5537.
E-mail – Rdow@pm-law.com
**Attorney for United Rental**

Simeon D. Brier, Esq.
Edwards Angell Palmer & Dodge, LLP
350 East Las Olas Blvd.
Suite 1150
Ft. Lauderdale, FL 33301-4215
Phone: (954) 667-6140
Fax: (888) 325-9469
E-Mail: sbrier@capdlaw.com
**Attorney for Dresser, Inc.**

Raul Romaguera, Esq.
ROMAGUERA, BAKER, DAWSON &
BRINGARDNER, P.A.
3910 RCA Boulevard, Suite 1015
Palm Beach Gardens, FL 33410
Telephone: (561) 472-1077
Fax: (561) 472-1078
E-Mail: Rromaguera@rbdlegal.com
Florida Bar No.: 915858
**Attorneys for Cherne Industries
Incorporated**

JS 44 (Rev. 11/04)

**CIVIL COVER SHEET**

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.) **NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.**

**I. (a) PLAINTIFFS**

Alec J. Pasko

MAGISTRATE JUDGE JOHNSON

**DEFENDANTS**

Cherne Industries Incorporated; United Rentals, Inc. & Dresser, Inc.

**(b)** County of Residence of First Listed Plaintiff  Palm Beach County, FL
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant  Cuyahogo, OH
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

SEE ATTACHMENT.
CIV-MIDDLEBROOKS

Attorneys (If Known)

SEE ATTACHMENT.

06-80955

**(d)** Check County Where Action Arose: ☐ MIAMI- DADE ☐ MONROE ☐ BROWARD ☑ PALM BEACH ☐ MARTIN ☐ ST. LUCIE ☐ INDIAN RIVER ☐ OKEECHOBEE HIGHLANDS

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☐ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☑ 4 Diversity (Indicate Citizenship of Parties in Item III)

9:06 CV 80955 DMM

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☑ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | **PERSONAL INJURY** ☐ 362 Personal Injury - Med. Malpractice | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☑ 365 Personal Injury - Product Liability | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | | ☐ 830 Patent | ☐ 480 Consumer Credit |
| | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** ☐ 370 Other Fraud | ☐ 840 Trademark | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | | ☐ 385 Property Damage Product Liability | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | |

**LABOR**
☐ 710 Fair Labor Standards Act
☐ 720 Labor/Mgmt. Relations
☐ 730 Labor/Mgmt.Reporting & Disclosure Act
☐ 740 Railway Labor Act
☐ 790 Other Labor Litigation
☐ 791 Empl. Ret. Inc. Security Act

**V. ORIGIN** (Place an "X" in One Box Only)

☐ 1 Original Proceeding
☑ 2 Removed from State Court
☐ 3 Re-filed- (see VI below)
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. RELATED/RE-FILED CASE(S).**
(See instructions second page):
a) Re-filed Case ☐ YES ☑ NO
b) Related Cases ☐ YES ☑ NO
JUDGE
DOCKET NUMBER

**VII. CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (Do not cite jurisdictional statutes unless diversity):

28 USC Sec. 1332 & 28 USC Sec. 1441(a)

LENGTH OF TRIAL via 9 days estimated (for both sides to try entire case)

**VIII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☑ Yes ☐ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE
SIGNATURE OF ATTORNEY OF RECORD
DATE  Oct. 10, 2006

FOR OFFICE USE ONLY
AMOUNT $350.00   RECEIPT #   IFP

538412

IN THE CIRCUIT COURT OF THE
FIFTEENTH JUDICIAL CIRCUIT, IN AND
FOR PALM BEACH COUNTY, FLORIDA.

CASE: 2006CA 009606 XXXX MB

$\cancel{AF}$

ALEC J. PASKO,

      Plaintiff,

vs

CHERNE INDUSTRIES
INCORPORATED, UNITED
RENTALS, INC. and
DRESSER, INC.,

      Defendants.

_____/

COPY
RECEIVED FOR FILING

SEP 18 2006

SHARON R. BOCK
CLERK & COMPTROLLER
CIRCUIT CIVIL DIVISION

**COMPLAINT**

The Plaintiff, ALEC J. PASKO, sues the Defendants, CHERNE INDUSTRIES

INCORPORATED, UNITED RENTALS, INC. and DRESSER, INC., and alleges as follows:

**GENERAL ALLEGATIONS**

    1.    This is a claim for damages in excess of Fifteen Thousand Dollars

($15,000.00), exclusive of interest, costs and attorney's fees.

    2.    At all times material to the cause herein, Defendant, CHERNE

INDUSTRIES INCORPORATED, was a corporation doing business in the State of

Florida, including Palm Beach County, Florida.

    3.    At all times material to the cause herein, the Defendant, CHERNE

INDUSTRIES INCORPORATED, was in the business of manufacturing, selling and

distributing various products, including inflatable plugs. These plugs are used for

several reasons, including to block water flow in storm drains.

    4.    At all times material to the cause herein, the Defendant, UNITED

RENTAL, INC., was a corporation doing business in the State of Florida, including

Palm Beach County, Florida. At the time of the subject incident, the Defendant,

1

UNITED RENTALS, INC., had offices in Palm Beach County and Broward County and throughout the State of Florida.

5. At all times material to the cause herein, the Defendant, UNITED RENTAL, INC., was in the business of renting equipment to customers in the construction and industrial industry, as well as to utilities, municipalities and homeowners.

6. At all times material to the cause herein, the Defendant, UNITED RENTAL, INC., rented air compressors, air hoses, pressure gauges and an inflatable plugs manufactured by Defendant, CHERNE INDUSTRIES INCORPORATED, and/or Defendant, DRESSER, INC.

7. At all times material to the cause herein, the Defendant, DRESSER, INC., was a corporation that did business in the State of Florida, including Palm Beach County, Florida.

8. At all times material to the cause herein, the Defendant, DRESSER, INC., designed, manufactured and sold pressure instrumentation, including pressure gauges.

9. On or about May 31, 2005, the employer of Plaintiff, ALEC J. PASKO, rented from Defendant, UNITED RENTAL, INC., various equipment including a compressor that used a pressure gauge manufactured by Defendant, DRESSER, INC., and in addition, leased an inflatable plug manufactured by Defendant, CHERNE INDUSTRIES INCORPORATED.

10. On or about May 31, 2005, the Plaintiff, ALEC J. PASKO, was assisting in the installation of an underground storm drain. In order to perform the installation, the existing drainage pipe needed to be temporarily plugged.

11. The Plaintiff, ALEC J. PASKO, placed the aforementioned inflatable plug in the drainage pipe and the air compressor was used to fill the inflatable plug so as to stop the flow of water.

12. As the pneumatic plug was being inflated, the gauge manufactured by Defendant, DRESSER, INC., and leased by Defendant, UNITED RENTAL, INC., did not go beyond a reading of 9PSI. This is below the required inflated pressure of approximately 25 PSI.

13. Just as the Plaintiff, ALEC J. PASKO, was going to exit the manhole, the pneumatic plug exploded, causing serious and permanent injuries to the Plaintiff.

14. The pressure gauge at the time of the incident was not working properly in that it would not exceed a reading of 9PSI, even though the PSI level was much higher.

15. The pneumatic plug exploded because it had been over-inflated due to the gauge being stuck at a reading of 9PSI.

## COUNT I – STRICT LIABILITY AS TO DEFENDANT, CHERNE INDUSTRIES INCORPORATED

16. Plaintiff, ALEC J. PASKO, adopts and incorporates by reference paragraphs one through fifteen as if stated in full herein.

17. At all times material to the cause herein, the Defendant, CHERNE INDUSTRIES INCORPORATED, was engaged in the business of designing, manufacturing, testing, assembling, planning, engineering, constructing, building, inspecting, marketing, advertising, distributing and/or selling inflatable plugs to be used by people like the Plaintiff involved in the installation of underground storm drainage and as such, the Plaintiff, ALEC J. PASKO, was a foreseeable user of the subject inflatable plug.

18. The aforementioned inflatable plug was defectively designed, manufactured, tested, assembled, planned, engineered, constructed, built, inspected, distributed and/or sold by the Defendant, CHERNE INDUSTRIES INCORPORATED, and the defective condition rendered the subject inflatable plug unreasonably dangerous to the Plaintiff, ALEC J. PASKO, as a foreseeable user.

3

19. That the subject inflatable plug was not changed or altered in any material respect from the time that it was manufactured and/or sold by the Defendant, CHERNE INDUSTRIES INCORPORATED, prior to the time of the accident and was in substantially the same condition at the time of the accident as when it left the possession and control of the Defendant, CHERNE INDUSTRIES INCORPORATED.

20. At the time and place of the subject incident and at the time of the distribution and sale by the Defendant, CHERNE INDUSTRIES INCORPORATED, the subject inflatable plug and its component parts were defectively, unreasonably dangerous and unsafe for foreseeable use, in that, without limitation, the inflatable plug was defective and unreasonably dangerous as follows:

a) The plug was improperly designed;

b) The inflatable plug was designed and sold without a pressure release valve which would have prevented over-inflation of the plug and would have prevented the plug from exploding;

c) Failing to manufacture and distribute the inflatable plug with a tether that would hold the device together, if an explosion were to occur;

d) The inflatable plug failed to have adequate warnings that would put the Plaintiff or any foreseeable user on notice of the inherently dangerous design of the plug and of its propensity to explode upon over-inflation;

e) The Defendant failed to incorporate existing and available safety devices on the inflatable plug, which would have prevented or substantially reduced injuries to the Plaintiff, ALEC J. PASKO, or any foreseeable user;

f) The Defendant failed to provide adequate instructions on the proper use of the inflatable plug; and

g) The Defendant failed to provide adequate warnings, including, but not limited to, graphics and pictorial depiction of these warnings, warning the

4

Plaintiff or any foreseeable user of the high probability that the inflatable plug could explode upon over-inflation.

21.    At the time and place that the plug and its components left the control of the Defendant, CHERNE INDUSTRIES INCORPORATED, they were placed in the stream of commerce, sold and/or distributed within the State of Florida and the defective condition which rendered the plug and component parts unreasonably dangerous by reason of the defects.

22.    That the subject plug was at the time of the incident was being used in a manner which was reasonably foreseeable and expected by the Defendant, CHERNE INDUSTRIES INCORPORATED.

23.    At all times material to the cause herein, the Defendant, CHERNE INDUSTRIES INCORPORATED, knew or should have known that at the time that the product was designed, manufactured, tested, assembled, planned, engineered, constructed, built, inspected, distributed, sold or placed on the market, the subject plug and its components would be used without inspection for defects.

24.    The aforementioned defects in the inflatable plug was the proximate cause or contributing cause of the damages and injuries suffered by the Plaintiff, ALEC J. PASKO.

25.    The Defendant, CHERNE INDUSTRIES INCORPORATED, is strictly liable to the Plaintiff, ALEC J. PASKO, for the defective product and/or product failure and resulting damages therefrom.

26.    As a direct and proximate result of the defective condition of the inflatable plug and the unreasonable dangerous condition which existed in it, the Plaintiff, ALEC J. PASKO, suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, cost of rehabilitation, loss of earnings, loss of the ability to earn money and aggravation of a

previously existing condition. These losses are either permanent or continuing in nature and the Plaintiff, ALEC J. PASKO, will suffer the losses in the future.

WHEREFORE, the Plaintiff, ALEC J. PASKO, demands judgment for damages against the Defendant, CHERNE INDUSTRIES INCORPORATED, and would further demand a trial by jury of all issues so triable.

## COUNT II – NEGLIGENCE OF DEFENDANT, CHERNE INDUSTRIES INCORPORATED

27.     The Plaintiff, ALEC J. PASKO, realleges and asserts paragraphs one through fifteen as if stated in full herein.

28.     At all times material to the cause herein, the Defendant, CHERNE INDUSTRIES INCORPORATED, designed, marketed, tested, assembled, planned, engineered, constructed, built, inspected, advertised, distributed or sold within the State of Florida inflatable plugs, in particular the subject plug involved in this incident that occurred in Palm Beach County, Florida.

29.     At all times material to the cause herein, the Defendant, CHERNE INDUSTRIES INCORPORATED, had a duty to design, market, test, assemble, plan, engineer, construct, build, inspect, advertise, distribute or sell its plugs, in particular the subject plug and its components, free to defects and product failures.

30.     In addition, the Defendant, CHERNE INDUSTRIES INCORPORATED, also had a duty to inspect its aforementioned plugs which it designed, manufactured, tested, assembled, planned, engineered, constructed, built, inspected, advertised, distributed and/or sold prior to its distribution and sale within the State of Florida.

31.     That at all times material to the cause herein, the Defendant, CHERNE INDUSTRIES INCORPORATED, also had a duty to advise the ultimate end user of one its plug of the unreasonable dangerous hazards which it discovered or should have or could have discovered in the subject plug or in the alternative, had a duty to warn such individuals, such as the Plaintiff, ALEC J. PASKO, coming into contact with the

6

plug of the unreasonable dangerous hazards which were known or should have been known by the Defendant, CHERNE INDUSTRIES INCORPORATED, and that the subject plug was negligent in that the subject plug was carelessly designed, manufactured, tested, assembled, planned, engineered, constructed, built, inspected, advertised, distributed and/or sold and which was provided with careless and inadequate warnings.

32. The Defendant, CHERNE INDUSTRIES INCORPORATED, was negligent in one or more of the following ways:

a) The plug was inappropriately designed;

b) The plug was sold and distributed without a relief valve which would prevent over-inflation of the plug during its use;

c) Failed to have a tether to hold the plug device together if an explosion were to occur;

d) The Defendant failed to provide adequate warnings, including, but not limited to, graphic and pictorial depiction of these warnings, warning the Plaintiff and any foreseeable user of the high probability that the plug would explode upon over-inflation;

e) The Defendant failed to provide existing and available safety devices on the plug which would have prevented or substantially reduced injuries to the Plaintiff or any foreseeable user;

f) The Defendant failed to provide adequate instructions on the proper use of the plug; and

g) Failing to insure that any gauges attached to the plug included a screen to prevent impurities from entering into the gauge and affecting the accuracy of the gauge.

33. That as a direct and proximate result of Defendant, CHERNE INDUSTRIES INCORPORATED's negligence, Plaintiff, ALEC J. PASKO, suffered serious and permanent injuries in this accident.

34. The Plaintiff, ALEC J. PASKO, suffered bodily injury, resulting pain and suffering, disability, disfigurement, mental anguish, loss of the capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, cost of rehabilitation, loss of earnings, loss of the ability to earn money and aggravation of a pre-existing condition. These losses are either permanent or continuing in nature and the Plaintiff, ALEC J. PASKO, will suffer the losses in the future.

WHEREFORE, the Plaintiff, ALEC J. PASKO, demands judgment for damages against the Defendant, CHERNE INDUSTRIES INCORPORATED, and would further demand a trial by jury of all issues so triable.

## COUNT III – BREACH OF IMPLIED WARRANTY AGAINST DEFENDANT, CHERNE INDUSTRIES INCORPORATED

35. Plaintiff, ALEC J. PASKO, adopts and incorporates by reference paragraphs one through fifteen as if stated in full herein.

36. At all times material to the cause herein, the Defendant, CHERNE INDUSTRIES INCORPORATED, designed, marketed, tested, assembled, planned, engineered, constructed, built, inspected, advertised, distributed or sold within the State of Florida inflatable plugs, in particular the subject plug involved in this incident that occurred in Palm Beach County, Florida.

37. At all times material to the cause herein, Defendant, CHERNE INDUSTRIES INCORPORATED, manufactured, sold and/or distributed an inflatable plug to Defendant, UNITED RENTAL INC.

38. At all times material to the cause herein, the Defendant, CHERNE INDUSTRIES INCORPORATED, knew that Defendant, UNITED RENTAL, INC., was in

8

the business of renting equipment to the general public and would rent out its products for the use and benefit of the general public, including Plaintiff, ALEC J. PASKO.

39.    At all times material to the cause herein, the Defendant, CHERNE INDUSTRIES INCORPORATED, warranted to Defendant, UNITED RENTAL, INC., and to the ultimate user of its product, that its product, including its inflatable plug, were reasonably fit for their intended purposes.

40.    On or about May 30, 2005, the inflatable plug used by Plaintiff and which was manufactured, sold and distributed by Defendant, CHERNE INDUSTRIES INCORPORATED, was in substantially the same condition as when it left the Defendant, CHERNE INDUSTRIES INCORPORATED.

41.    The Defendant, CHERNE INDUSTRIES INCORPORATED, breached its implied warranty of fitness for a particular purpose in one or more of the following ways:

    a)    The plug was improperly designed;

    b)    The inflatable plug was designed and sold without a pressure release valve which would have prevented over-inflation of the plug and would have prevented the plug from exploding;

    c)    Failing to manufacture and distribute the inflatable plug with a tether that would hold the device together, if an explosion were to occur;

    d)    The inflatable plug failed to have adequate warnings that would put the Plaintiff or any foreseeable user on notice of the inherently dangerous design of the plug and of its propensity to explode upon over-inflation;

    e)    The Defendant failed to incorporate existing and available safety devices on the inflatable plug, which would have prevented or substantially reduced injuries to the Plaintiff, ALEC J. PASKO, or any foreseeable user;

9

f)    The Defendant failed to provide adequate instructions on the proper use of the inflatable plug;

g)    The Defendant failed to provide adequate warnings, including, but not limited to, graphics and pictorial depiction of these warnings, warning the Plaintiff or any foreseeable user of the high probability that the inflatable plug could explode upon over-inflation;

42.   As a direct and proximate result of the breach of implied warranty by Defendant, CHERNE INDUSTRIES INCORPORATED, the Plaintiff, ALEC J. PASKO, suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, cost of rehabilitation, loss of earnings, loss of the ability to earn money and aggravation of a previously existing condition. These losses are either permanent or continuing and the Plaintiff, ALEC J. PASKO, will suffer the losses in the future.

WHEREFORE, the Plaintiff, ALEC J. PASKO, demands judgment for damages against the Defendant, CHERNE INDUSTRIES INCORPORATED, and would further demand a trial by jury of all issues so triable.

## COUNT IV – NEGLIGENCE CLAIM AGAINST DEFENDANT, UNITED RENTAL, INC.

43.   Plaintiff, ALEC J. PASKO, adopts and incorporates by reference paragraphs one through fifteen as if stated in full herein.

44.   The Plaintiff, ALEC J. PASKO, suffered serious and permanent injuries as a result of the negligence of the Defendant, UNITED RENTAL, INC.

45.   The negligence of the Defendant, UNITED RENTAL, INC., consisted in whole or in part as follows:

a)  Failing to properly inspect and test the compressor, pressure gauge and plug prior to its leasing this equipment that was ultimately used by the Plaintiff, ALEC J. PASKO;

b)  In leasing plugs that do not contain the following:

(1)  A pressure relief valve;

(2)  A tether to prevent explosion of the plug;

(3)  A screen incorporated into the plug that would prevent impurities from entering into the pressure gauge;

(4)  Failing to properly instruct users in the proper method in using the plug; and

(5)  Failing to provide adequate warning, including, but not limited to, graphic and pictorial depiction of these warnings, warning the Plaintiff and any foreseeable user of the high probability that the plug would explode upon over-inflation;

c)  Leasing a pressure gauge that was defective;

d)  Leasing a pressure gauge that had not been properly inspected or tested by the Defendant, UNITED RENTAL, INC., prior to the lease;

e)  Leasing a gauge that the Defendant, UNITED RENTAL, INC., knew or should have known did not contain a screen so as to prevent impurities from entering into the pressure gauge and affecting its ability to properly function as a pressure gauge;

f)  Specifically representing to any user of the plug, compressor and/or gauge that these items had been cleaned, serviced and safety checked by the Defendant, UNITED RENTAL, INC., and that the equipment would perform and operate as intended by the manufacturer. Furthermore, this representation was made with knowledge that the Plaintiff and other foreseeable users of the lease

11

equipment would rely on these representations to the determent of the Plaintiff or any foreseeable user of the equipment; and

g)    Failed to properly maintain the equipment which was used by the Plaintiff herein.

46.    As a direct and proximate result of the negligence of the Defendant, UNITED RENTAL, INC., the Plaintiff, ALEC J. PASKO, suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, cost of rehabilitation, loss of earnings, loss of the ability to earn money and aggravation of a previously existing condition. These losses are either permanent or continuing and the Plaintiff, ALEC J. PASKO, will suffer the losses in the future.

WHEREFORE, the Plaintiff, ALEC J. PASKO, demands judgment for damages against the Defendant, UNITED RENTAL, INC., and would further demand a trial by jury of all issues so triable.

## COUNT V – STRICT LIABILITY AS TO DEFENDANT, DRESSER, INC.

47.    Plaintiff, ALEC J. PASKO, adopts and incorporates by reference paragraphs one through fifteen as if stated in full herein.

48.    At all times material to the cause herein, the Defendant, DRESSER, INC., was engaged in the business of designing, manufacturing, testing, assembling, planning, engineering, constructing, building, inspecting, marketing, advertising, distributing and/or selling pressure gauges to be used by people like the Plaintiff involved in the installation of underground storm drainage and as such, the Plaintiff, ALEC J. PASKO, was a foreseeable user of the subject pressure gauge.

49.    The aforementioned pressure gauge was defectively designed, manufactured, tested, assembled, planned, engineered, constructed, built, inspected, distributed and/or sold by the Defendant, DRESSER, INC., and the

12

defective condition rendered the subject pressure gauge unreasonably dangerous to the Plaintiff, ALEC J. PASKO, as a foreseeable user.

50. That the subject pressure gauge was not changed or altered in any material respect from the time that it was manufactured and/or sold by the Defendant, DRESSER, INC., prior to the time of the accident and was in substantially the same condition at the time of the accident as when it left the possession and control of the Defendant, DRESSER, INC.

51. At the time and place of the subject incident and at the time of the distribution and sale by the Defendant, DRESSER, INC., the subject pressure gauge and its components and parts were defectively, unreasonably dangerous and unsafe for foreseeable use, in that, without limitation, the pressure gauge was defective and unreasonably dangerous in the following respect:

a) The pressure gauge was improperly designed;

b) Manufacturing, selling and distributing a pressure gauge without an over-pressure valve/relief valve included in the pressure gauge;

c) Failing to have a screen incorporated into the design, manufacture and distribution of the gauge so as to prevent debris from entering into the entry portions of the gauge, resulting in intrusion of debris affecting the accuracy of the gauge and the readings of the gauge;

d) Failure to have a locking band over and around the base plate so as to prevent intrusion of debris into the working parts of the gauge;

e) The Defendant failed to incorporate existing and available safety devices on the pressure gauge, which would have prevented or substantially reduced injuries to the Plaintiff, ALEC J. PASKO, or any foreseeable user;

f) The Defendant failed to provide adequate instructions on the proper use of the pressure gauge; and

13

g) Failure to warn of potential problems dealing with the accuracy of the gauge.

52. At the time and place that the pressure gauge and its components left the control of the Defendant, DRESSER, INC., they were placed in the stream of commerce, sold and/or distributed within the State of Florida and the defective condition which rendered the pressure gauge and component parts unreasonably dangerous by reason of the defects.

53. That the subject pressure gauge was at the time of the incident was being used in a manner which was reasonably foreseeable and expected by the Defendant, DRESSER, INC.

54. At all times material to the cause herein, the Defendant, DRESSER, INC., knew or should have known that at the time that the product was designed, manufactured, tested, assembled, planned, engineered, constructed, built, inspected, distributed, sold or placed on the market, the subject pressure gauge and its components would be used without inspection for defects.

55. The aforementioned defects in the pressure gauge was the proximate cause or contributing cause of the damages and injuries suffered by the Plaintiff, ALEC J. PASKO.

56. The Defendant, DRESSER, INC., is strictly liable to the Plaintiff, ALEC J. PASKO, for the defective product and/or product failure and resulting damages therefrom.

57. As a direct and proximate result of the defective condition of the pressure gauge and the unreasonable dangerous condition which existed in it, the Plaintiff, ALEC J. PASKO, suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of the ability to earn money and aggravation of a previously existing condition.

14

These losses are either permanent or continuing in nature and the Plaintiff, ALEC J. PASKO, will suffer the losses in the future.

WHEREFORE, the Plaintiff, ALEC J. PASKO, demands judgment for damages against the Defendant, DRESSER, INC., and would further demand a trial by jury of all issues so triable.

## COUNT VI - NEGLIGENCE OF DEFENDANT, DRESSER, INC.

58. The Plaintiff, ALEC J. PASKO, realleges and asserts paragraphs one through fifteen as if stated in full herein.

59. At all times material to the cause herein, the Defendant, DRESSER, INC., designed, marketed, tested, assembled, planned, engineered, constructed, built, inspected, advertised, distributed or sold within the State of Florida pressure gauge, in particular the subject gauge involved in this incident that occurred in Palm Beach County, Florida.

60. At all times material to the cause herein, the Defendant, DRESSER, INC., had a duty to design, market, test, assemble, plan, engineer, construct, build, inspect, advertise, distribute or sell its pressure gauges, in particular the subject pressure gauge and its components, free to defects and product failures.

61. In addition, the Defendant, DRESSER, INC., also had a duty to inspect its aforementioned pressure gauge which it designed, manufactured, tested, assembled, planned, engineered, constructed, built, inspected, advertised, distributed and/or sold prior to its distribution and sale within the State of Florida.

62. That at all times material to the cause herein, the Defendant, DRESSER, INC., also had a duty to advise the ultimate end user of one its pressure gauge of the unreasonable dangerous hazards which it discovered or should have or could have discovered in the subject pressure gauge or in the alternative, had a duty to warn such individuals, such as the Plaintiff, ALEC J. PASKO, coming into contact with the pressure gauge of the unreasonable dangerous hazards which were known

15

or should have been known by the Defendant, DRESSER, INC., and that the subject pressure gauge was negligent in that the subject gauge was carelessly designed, manufactured, tested, assembled, planned, engineered, constructed, built, inspected, advertised, distributed and/or sold and which was provided with careless and inadequate warnings.

63.     The Defendant, DRESSER, INC., was negligent in one or more of the following ways:

a)     The pressure gauge was improperly designed;

b)     Manufacturing, selling and distributing a pressure gauge without an over-pressure valve/relief valve included in the pressure gauge;

c)     Failing to have a screen incorporated into the design, manufacture and distribution of the gauge so as to prevent debris from entering into the entry portions of the gauge, resulting in intrusion of debris affecting the accuracy of the gauge and the readings of the gauge;

d)     Failure to have a locking band over and around the base plate so as to prevent intrusion of debris into the working parts of the gauge;

e)     The Defendant failed to incorporate existing and available safety devices on the pressure gauge, which would have prevented or substantially reduced injuries to the Plaintiff, ALEC J. PASKO, or any foreseeable user;

f)     The Defendant failed to provide adequate instructions on the proper use of the pressure gauge; and

g)     Failure to warn of potential problems dealing with the accuracy of the gauge.

64.     That as a direct and proximate result of Defendant, DRESSER, INC.'s negligence, Plaintiff, ALEC J. PASKO, suffered serious and permanent injuries in this accident.

65.     The Plaintiff, ALEC J. PASKO, suffered bodily injury, resulting pain and suffering, disability, disfigurement, mental anguish, loss of the capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, cost of rehabilitation, loss of earnings, loss of the ability to earn money and aggravation of a pre-existing condition. These losses are either permanent or continuing and the Plaintiff, ALEC J. PASKO, will suffer the losses in the future.

WHEREFORE, the Plaintiff, ALEC J. PASKO, demands judgment for damages against the Defendant, DRESSER, INC., and would further demand a trial by jury of all issues so triable.

## COUNT VII - BREACH OF IMPLIED WARRANTY AGAINST DEFENDANT, DRESSER, INC.

66.     Plaintiff, ALEC J. PASKO, adopts and incorporates by reference paragraphs one through fifteen as if stated in full herein.

67.     At all times material to the cause herein, the Defendant, DRESSER, INC., designed, marketed, tested, assembled, planned, engineered, constructed, built, inspected, advertised, distributed or sold within the State of Florida pressure gauges, in particular the subject gauge involved in this incident that occurred in Palm Beach County, Florida.

68.     At all times material to the cause herein, Defendant, DRESSER, INC., manufactured, sold and/or distributed a pressure gauge to Defendant, UNITED RENTAL INC.

69.     At all times material to the cause herein, the Defendant, DRESSER, INC., knew that Defendant, UNITED RENTAL, INC., was in the business of renting equipment to the general public and would rent out its products for the use and benefit of the general public, including Plaintiff, ALEC J. PASKO.

70.     At all times material to the cause herein, the Defendant, DRESSER, INC., warranted to Defendant, UNITED RENTAL, INC., and to the ultimate user of its

17

product, that its product, including its pressure gauge, were reasonably fit for their intended purposes.

71.     On or about May 30, 2005, the pressure gauge used by Plaintiff and which was manufactured, sold and distributed by Defendant, DRESSER, INC,., was in substantially the same condition as when it left the Defendant, DRESSER, INC.

72.     The Defendant, DRESSER, INC., breached its implied warranty of fitness for a particular purpose in one or more of the following ways:

a)     The pressure gauge was improperly designed;

b)     Manufacturing, selling and distributing a pressure gauge without an over-pressure valve/relief valve included in the pressure gauge;

c)     Failing to have a screen incorporated into the design, manufacture and distribution of the gauge so as to prevent debris from entering into the entry portions of the gauge, resulting in intrusion of debris affecting the accuracy of the gauge and the readings of the gauge;

d)     Failure to have a locking band over and around the base plate so as to prevent intrusion of debris into the working parts of the gauge;

e)     The Defendant failed to incorporate existing and available safety devices on the pressure gauge, which would have prevented or substantially reduced injuries to the Plaintiff, ALEC J. PASKO, or any foreseeable user;

f)     The Defendant failed to provide adequate instructions on the proper use of the pressure gauge; and

g)     Failure to warn of potential problems dealing with the accuracy of the gauge.

73.     As a direct and proximate result of the breach of implied warranty by Defendant, DRESSER, INC., the Plaintiff, ALEC J. PASKO, suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing

18

care and treatment, cost of rehabilitation, loss of earnings, loss of the ability to earn money and aggravation of a previously existing condition. These losses are either permanent or continuing and the Plaintiff, ALEC J. PASKO, will suffer the losses in the future.

WHEREFORE, the Plaintiff, ALEC J. PASKO, demands judgment for damages against the Defendant, DRESSER, INC., and would further demand a trial by jury of all issues so triable.

> SCHULER, HALVORSON & WEISSER, P.A.
> 1615 Forum Place, Suite 4D
> West Palm Beach, Florida 33401
> Tel.: (561) 689-8180
>
> By: _____
>    Steven W. Halvorson
>    Florida Bar No. 229571

19