UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 9:06-cv-80955-DMM
Judge Donald M. Middlebrooks
Magistrate Judge Linnea R. Johnson

ALEC J. PASKO,

      Plaintiff,

vs

CHERNE INDUSTRIES
INCORPORATED, UNITED
RENTALS, INC., DRESSER, INC.
and FCX PERFORMANCE, INC.

      Defendants.

_____/

## AMENDED COMPLAINT

The Plaintiff, ALEC J. PASKO, sues the Defendants, CHERNE INDUSTRIES INCORPORATED, UNITED RENTALS, INC., DRESSER, INC. and FCX PERFORMANCE, INC., and alleges as follows:

## GENERAL ALLEGATIONS

1.     This is a claim for damages in excess of Fifteen Thousand Dollars ($15,000.00), exclusive of interest, costs and attorney's fees.

2.     At all times material to the cause herein, Defendant, CHERNE INDUSTRIES INCORPORATED, was a corporation doing business in the State of Florida, including Palm Beach County, Florida.

3.     At all times material to the cause herein, the Defendant, CHERNE INDUSTRIES INCORPORATED, was in the business of manufacturing, selling and distributing various products, including inflatable plugs.  These plugs are used for several reasons, including to block water flow in storm drains.

4.     At all times material to the cause herein, the Defendant, UNITED RENTAL, INC., was a corporation doing business in the State of Florida, including

Palm Beach County, Florida.  At the time of the subject incident, the Defendant, UNITED RENTALS, INC., had offices in Palm Beach County and Broward County and throughout the State of Florida.

5.     At all times material to the cause herein, the Defendant, UNITED RENTAL, INC., was in the business of renting equipment to customers in the construction and industrial industry, as well as to utilities, municipalities and homeowners.

6.     At all times material to the cause herein, the Defendant, UNITED RENTAL, INC., rented air compressors, air hoses, pressure gauges and an inflatable plugs manufactured by Defendant, CHERNE INDUSTRIES INCORPORATED, and/or Defendant, DRESSER, INC.

7.     At all times material to the cause herein, the Defendant, DRESSER, INC., was a corporation that did business in the State of Florida, including Palm Beach County, Florida.

8.     At all times material to the cause herein, the Defendant, DRESSER, INC., designed, manufactured and sold pressure instrumentation, including pressure gauges.

9.     At all times material to the cause herein, the Defendant, FCX PERFORMANCE, INC., was a corporation doing business in the State of Florida, including Palm Beach County, Florida.

10.    At the time of the subject incident, the Defendant, FCX PERFORMANCE, INC., was in the business of testing, assembling, planning, inspecting, marketing, advertising, distribution and/or selling numerous products, including pressure gauges.

11.    At all times material to the cause herein, the Defendant, FCX PERFORMANCE, INC., tested, assembled, inspected, marketed, advertised, distribution and/or sold the subject pressure gauge to the Defendant, UNITED

RENTAL, INC. or some other entity on behalf of the Defendant, UNITED RENTAL, INC.

12.     On or about May 31, 2005, the employer of Plaintiff, ALEC J. PASKO, rented from Defendant, UNITED RENTAL, INC., various equipment including a compressor that used a pressure gauge manufactured by Defendant, DRESSER, INC., and in addition, leased an inflatable plug manufactured by Defendant, CHERNE INDUSTRIES INCORPORATED.

13.     On or about May 31, 2005, the Plaintiff, ALEC J. PASKO, was assisting in the installation of an underground storm drain.  In order to perform the installation, the existing drainage pipe needed to be temporarily plugged.

14.     The Plaintiff, ALEC J. PASKO, placed the aforementioned inflatable plug in the drainage pipe and the air compressor was used to fill the inflatable plug so as to stop the flow of water.

15.     As the pneumatic plug was being inflated, the gauge manufactured by Defendant, DRESSER, INC., and leased by Defendant, UNITED RENTAL, INC., did not go beyond a reading of 9PSI.  This is below the required inflated pressure of approximately 25 PSI.

16.     Just as the Plaintiff, ALEC J. PASKO, was going to exit the manhole, the pneumatic plug exploded, causing serious and permanent injuries to the Plaintiff.

17.     The pressure gauge at the time of the incident was not working properly in that it would not exceed a reading of 9PSI, even though the PSI level was much higher.

18.     The pneumatic plug exploded because it had been over-inflated due to the gauge being stuck at a reading of 9PSI.

## COUNT I – STRICT LIABILITY AS TO DEFENDANT, CHERNE INDUSTRIES INCORPORATED

19.     Plaintiff, ALEC J. PASKO, adopts and incorporates by reference paragraphs one through eighteen as if stated in full herein.

20.     At all times material to the cause herein, the Defendant, CHERNE INDUSTRIES INCORPORATED, was engaged in the business of designing, manufacturing, testing, assembling, planning, engineering, constructing, building, inspecting, marketing, advertising, distributing and/or selling inflatable plugs to be used by people like the Plaintiff involved in the installation of underground storm drainage and as such, the Plaintiff, ALEC J. PASKO, was a foreseeable user of the subject inflatable plug.

21.     The aforementioned inflatable plug was defectively designed, manufactured, tested, assembled, planned, engineered, constructed, built, inspected, distributed and/or sold by the Defendant, CHERNE INDUSTRIES INCORPORATED, and the defective condition rendered the subject inflatable plug unreasonably dangerous to the Plaintiff, ALEC J. PASKO, as a foreseeable user.

22.     That the subject inflatable plug was not changed or altered in any material respect from the time that it was manufactured and/or sold by the Defendant, CHERNE INDUSTRIES INCORPORATED, prior to the time of the accident and was in substantially the same condition at the time of the accident as when it left the possession and control of the Defendant, CHERNE INDUSTRIES INCORPORATED.

23.     At the time and place of the subject incident and at the time of the distribution and sale by the Defendant, CHERNE INDUSTRIES INCORPORATED, the subject inflatable plug and its component parts were defectively, unreasonably dangerous and unsafe for foreseeable use, in that, without limitation, the inflatable plug was defective and unreasonably dangerous as follows:

a) The plug was improperly designed;

b) The inflatable plug was designed and sold without a pressure release valve which would have prevented over-inflation of the plug and would have prevented the plug from exploding;

c) Failing to manufacture and distribute the inflatable plug with a tether that would hold the device together, if an explosion were to occur;

d) The inflatable plug failed to have adequate warnings that would put the Plaintiff or any foreseeable user on notice of the inherently dangerous design of the plug and of its propensity to explode upon over-inflation;

e) The Defendant failed to incorporate existing and available safety devices on the inflatable plug, which would have prevented or substantially reduced injuries to the Plaintiff, ALEC J. PASKO, or any foreseeable user;

f) The Defendant failed to provide adequate instructions on the proper use of the inflatable plug; and

g) The Defendant failed to provide adequate warnings, including, but not limited to, graphics and pictorial depiction of these warnings, warning the Plaintiff or any foreseeable user of the high probability that the inflatable plug  could explode upon over-inflation.

24. At the time and place that the plug and its components left the control of the Defendant, CHERNE INDUSTRIES INCORPORATED, they were placed in the stream of commerce, sold and/or distributed within the State of Florida and the defective condition which rendered the plug and component parts unreasonably dangerous by reason of the defects.

25. That the subject plug was at the time of the incident was being used in a manner which was reasonably foreseeable and expected by the Defendant, CHERNE INDUSTRIES INCORPORATED.

26.    At all times material to the cause herein, the Defendant, CHERNE INDUSTRIES INCORPORATED, knew or should have known that at the time that the product was designed, manufactured, tested, assembled, planned, engineered, constructed, built, inspected, distributed, sold or placed on the market, the subject plug and its components would be used without inspection for defects.

27.    The aforementioned defects in the inflatable plug was the proximate cause or contributing cause of the damages and injuries suffered by the Plaintiff, ALEC J. PASKO.

28.    The Defendant, CHERNE INDUSTRIES INCORPORATED, is strictly liable to the Plaintiff, ALEC J. PASKO, for the defective product and/or product failure and resulting damages therefrom.

29.    As a direct and proximate result of the defective condition of the inflatable plug and the unreasonable dangerous condition which existed in it, the Plaintiff, ALEC J. PASKO, suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, cost of rehabilitation, loss of earnings, loss of the ability to earn money and aggravation of a previously existing condition.  These losses are either permanent or continuing in nature and the Plaintiff, ALEC J. PASKO, will suffer the losses in the future.

WHEREFORE, the Plaintiff, ALEC J. PASKO, demands judgment for damages against the Defendant, CHERNE INDUSTRIES INCORPORATED, and would further demand a trial by jury of all issues so triable.

## COUNT II – NEGLIGENCE OF DEFENDANT, CHERNE INDUSTRIES INCORPORATED

30.    The Plaintiff, ALEC J. PASKO, realleges and asserts paragraphs one through eighteen as if stated in full herein.

31.     At all times material to the cause herein, the Defendant, CHERNE INDUSTRIES INCORPORATED, designed, marketed, tested, assembled, planned, engineered, constructed, built, inspected, advertised, distributed or sold within the State of Florida inflatable plugs, in particular the subject plug involved in this incident that occurred in Palm Beach County, Florida.

32.     At all times material to the cause herein, the Defendant, CHERNE INDUSTRIES INCORPORATED, had a duty to design, market, test, assemble, plan, engineer, construct, build, inspect, advertise, distribute or sell its plugs, in particular the subject plug and its components, free to defects and product failures.

33.     In addition, the Defendant, CHERNE INDUSTRIES INCORPORATED, also had a duty to inspect its aforementioned plugs which it designed, manufactured, tested, assembled, planned, engineered, constructed, built, inspected, advertised, distributed and/or sold prior to its distribution and sale within the State of Florida.

34.     That at all times material to the cause herein, the Defendant, CHERNE INDUSTRIES INCORPORATED, also had a duty to advise the ultimate end user of one its plug of the unreasonable dangerous hazards which it discovered or should have or could have discovered in the subject plug or in the alternative, had a duty to warn such individuals, such as the Plaintiff, ALEC J. PASKO, coming into contact with the plug of the unreasonable dangerous hazards which were known or should have been known by the Defendant, CHERNE INDUSTRIES INCORPORATED, and that the subject plug was negligent in that the subject plug was carelessly designed, manufactured, tested, assembled, planned,    engineered,    constructed,    built, inspected, advertised, distributed and/or sold and which was provided with careless and inadequate warnings.

35.     The Defendant, CHERNE INDUSTRIES INCORPORATED, was negligent in one or more of the following ways:

          a)     The plug was inappropriately designed;

7

b)      The plug was sold and distributed without a relief valve which would prevent over-inflation of the plug during its use;

c)      Failed to have a tether to hold the plug device together if an explosion were to occur;

d)      The Defendant failed to provide adequate warnings, including, but not limited to, graphic and pictorial depiction of these warnings, warning the Plaintiff and any foreseeable user of the high probability that the plug would explode upon over-inflation;

e)      The Defendant failed to provide existing and available safety devices on the plug which would have prevented or substantially reduced injuries to the Plaintiff or any foreseeable user;

f)      The Defendant failed to provide adequate instructions on the proper use of the plug; and

g)      Failing to insure that any gauges attached to the plug included a screen to prevent impurities from entering into the gauge and affecting the accuracy of the gauge.

36.      That as a direct and proximate result of Defendant, CHERNE INDUSTRIES INCORPORATED's negligence, Plaintiff, ALEC J. PASKO, suffered serious and permanent injuries in this accident.

37.      The Plaintiff, ALEC J. PASKO, suffered bodily injury, resulting pain and suffering, disability, disfigurement, mental anguish, loss of the capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, cost of rehabilitation, loss of earnings, loss of the ability to earn money and aggravation of a pre-existing condition.  These losses are either permanent or continuing in nature and the Plaintiff, ALEC J. PASKO, will suffer the losses in the future.

WHEREFORE, the Plaintiff, ALEC J. PASKO, demands judgment for damages against the Defendant, CHERNE INDUSTRIES INCORPORATED, and would further demand a trial by jury of all issues so triable.

## COUNT III – BREACH OF IMPLIED WARRANTY AGAINST DEFENDANT, CHERNE INDUSTRIES INCORPORATED

38.     Plaintiff, ALEC J. PASKO, adopts and incorporates by reference paragraphs one through eighteen as if stated in full herein.

39.     At all times material to the cause herein, the Defendant, CHERNE INDUSTRIES INCORPORATED, designed, marketed, tested, assembled, planned, engineered, constructed, built, inspected, advertised, distributed or sold within the State of Florida inflatable plugs, in particular the subject plug involved in this incident that occurred in Palm Beach County, Florida.

40.     At all times material to the cause herein, Defendant, CHERNE INDUSTRIES INCORPORATED, manufactured, sold and/or distributed an inflatable plug to Defendant, UNITED RENTAL INC.

41.     At all times material to the cause herein, the Defendant, CHERNE INDUSTRIES INCORPORATED, knew that Defendant, UNITED RENTAL, INC., was in the business of renting equipment to the general public and would rent out its products for the use and benefit of the general public, including Plaintiff, ALEC J. PASKO.

42.     At all times material to the cause herein, the Defendant, CHERNE INDUSTRIES INCORPORATED, warranted to Defendant, UNITED RENTAL, INC., and to the ultimate user of its product, that its product, including its inflatable plug, were reasonably fit for their intended purposes.

43.     On or about May 30, 2005, the inflatable plug used by Plaintiff and which was manufactured, sold and distributed by Defendant, CHERNE INDUSTRIES

INCORPORATED, was in substantially the same condition as when it left the Defendant, CHERNE INDUSTRIES INCORPORATED.

44.    The Defendant, CHERNE INDUSTRIES INCORPORATED, breached its implied warranty of fitness for a particular purpose in one or more of the following ways:

a)    The plug was improperly designed;

b)    The inflatable plug was designed and sold without a pressure release valve which would have prevented over-inflation of the plug and would have prevented the plug from exploding;

c)    Failing to manufacture and distribute the inflatable plug with a tether that would hold the device together, if an explosion were to occur;

d)    The inflatable plug failed to have adequate warnings that would put the Plaintiff or any foreseeable user on notice of the inherently dangerous design of the plug and of its propensity to explode upon over-inflation;

e)    The Defendant failed to incorporate existing and available safety devices on the inflatable plug, which would have prevented or substantially reduced injuries to the Plaintiff, ALEC J. PASKO, or any foreseeable user;

f)    The Defendant failed to provide adequate instructions on the proper use of the inflatable plug;

g)    The Defendant failed to provide adequate warnings, including, but not limited to, graphics and pictorial depiction of these warnings, warning the Plaintiff or any foreseeable user of the high probability that the inflatable plug could explode upon over-inflation;

45.    As a direct and proximate result of the breach of implied warranty by Defendant, CHERNE INDUSTRIES INCORPORATED, the Plaintiff, ALEC J. PASKO, suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization,

medical and nursing care and treatment, cost of rehabilitation, loss of earnings, loss of the ability to earn money and aggravation of a previously existing condition. These losses are either permanent or continuing and the Plaintiff, ALEC J. PASKO, will suffer the losses in the future.

WHEREFORE, the Plaintiff, ALEC J. PASKO, demands judgment for damages against the Defendant, CHERNE INDUSTRIES INCORPORATED, and would further demand a trial by jury of all issues so triable.

## COUNT IV – NEGLIGENCE CLAIM AGAINST DEFENDANT, UNITED RENTAL, INC.

46.     Plaintiff, ALEC J. PASKO, adopts and incorporates by reference paragraphs one through eighteen as if stated in full herein.

47.     The Plaintiff, ALEC J. PASKO, suffered serious and permanent injuries as a result of the negligence of the Defendant, UNITED RENTAL, INC.

48.     The negligence of the Defendant, UNITED RENTAL, INC., consisted in whole or in part as follows:

a)     Failing to properly inspect and test the compressor, pressure gauge and plug prior to its leasing this equipment that was ultimately used by the Plaintiff, ALEC J. PASKO;

b)     In leasing plugs that do not contain the following:

(1)     A pressure relief valve;

(2)     A tether to prevent explosion of the plug;

(3)     A screen incorporated into the plug that would prevent impurities from entering into the pressure gauge;

(4)     Failing to properly instruct users in the proper method in using the plug; and

(5)     Failing to provide adequate warning, including, but not limited to, graphic and pictorial depiction of these warnings, warning the Plaintiff and

any foreseeable user of the high probability that the plug would explode upon over-inflation;

c)      Leasing a pressure gauge that was defective;

d)      Leasing a pressure gauge that had not been properly inspected or tested by the Defendant, UNITED RENTAL, INC., prior to the lease;

e)      Leasing a gauge that the Defendant, UNITED RENTAL, INC., knew or should have known did not contain a screen so as to prevent impurities from entering into the pressure gauge and affecting its ability to properly function as a pressure gauge;

f)      Specifically representing to any user of the plug, compressor and/or gauge that these items had been cleaned, serviced and safety checked by the Defendant, UNITED RENTAL, INC., and that the equipment would perform and operate as intended by the manufacturer.   Furthermore, this representation was made with knowledge that the Plaintiff and other foreseeable users of the lease equipment would rely on these representations to the determent of the Plaintiff or any foreseeable user of the equipment; and

g)      Failed to properly maintain the equipment which was used by the Plaintiff herein.

49.   As a direct and proximate result of the negligence of the Defendant, UNITED RENTAL, INC., the Plaintiff, ALEC J. PASKO, suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, cost of rehabilitation, loss of earnings, loss of the ability to earn money and aggravation of a previously existing condition.   These losses are either permanent or continuing and the Plaintiff, ALEC J. PASKO, will suffer the losses in the future.

WHEREFORE, the Plaintiff, ALEC J. PASKO, demands judgment for damages against the Defendant, UNITED RENTAL, INC., and would further demand a trial by jury of all issues so triable.

### COUNT V – STRICT LIABILITY AS TO DEFENDANT, DRESSER, INC.

50.     Plaintiff, ALEC J. PASKO, adopts and incorporates by reference paragraphs one through eighteen as if stated in full herein.

51.     At all times material to the cause herein, the Defendant, DRESSER, INC., was engaged in the business of designing, manufacturing, testing, assembling, planning, engineering, constructing, building, inspecting, marketing, advertising, distributing and/or selling pressure gauges to be used by people like the Plaintiff involved in the installation of underground storm drainage and as such, the Plaintiff, ALEC J. PASKO, was a foreseeable user of the subject pressure gauge.

52.     The aforementioned pressure gauge was defectively designed, manufactured, tested, assembled, planned, engineered, constructed, built, inspected, distributed and/or sold by the Defendant, DRESSER, INC., and the defective condition rendered the subject pressure gauge unreasonably dangerous to the Plaintiff, ALEC J. PASKO, as a foreseeable user.

53.     That the subject pressure gauge was not changed or altered in any material respect from the time that it was manufactured and/or sold by the Defendant, DRESSER, INC., prior to the time of the accident and was in substantially the same condition at the time of the accident as when it left the possession and control of the Defendant, DRESSER, INC.

54.     At the time and place of the subject incident and at the time of the distribution and sale by the Defendant, DRESSER, INC., the subject pressure gauge and its components and parts were defectively, unreasonably dangerous and unsafe for foreseeable use, in that, without limitation, the pressure gauge was defective and unreasonably dangerous in the following respect:

a)      The pressure gauge was improperly designed;

b)      Manufacturing, selling and distributing a pressure gauge without an over-pressure valve/relief valve included in the pressure gauge;

c)      Failing to have a screen incorporated into the design, manufacture and distribution of the gauge so as to prevent debris from entering into the entry portions of the gauge, resulting in intrusion of debris affecting the accuracy of the gauge and the readings of the gauge;

d)      Failure to have a locking band over and around the base plate so as to prevent intrusion of debris into the working parts of the gauge;

e)      The Defendant failed to incorporate existing and available safety devices on the pressure gauge, which would have prevented or substantially reduced injuries to the Plaintiff, ALEC J. PASKO, or any foreseeable user;

f)      The Defendant failed to provide adequate instructions on the proper use of the pressure gauge; and

g)      Failure to warn of potential problems dealing with the accuracy of the gauge.

55.    At the time and place that the pressure gauge and its components left the control of the Defendant, DRESSER, INC., they were placed in the stream of commerce, sold and/or distributed within the State of Florida and the defective condition which rendered the pressure gauge and component parts unreasonably dangerous by reason of the defects.

56.    That the subject pressure gauge was at the time of the incident was being used in a manner which was reasonably foreseeable and expected by the Defendant, DRESSER, INC.

57.    At all times material to the cause herein, the Defendant, DRESSER, INC., knew or should have known that at the time that the product was designed, manufactured, tested, assembled, planned, engineered, constructed, built,

inspected, distributed, sold or placed on the market, the subject pressure gauge and its components would be used without inspection for defects.

58.     The aforementioned defects in the pressure gauge was the proximate cause or contributing cause of the damages and injuries suffered by the Plaintiff, ALEC J. PASKO.

59.     The Defendant, DRESSER, INC., is strictly liable to the Plaintiff, ALEC J. PASKO, for the defective product and/or product failure and resulting damages therefrom.

60.     As a direct and proximate result of the defective condition of the pressure gauge and the unreasonable dangerous condition which existed in it, the Plaintiff, ALEC J. PASKO, suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of the ability to earn money and aggravation of a previously existing condition. These losses are either permanent or continuing in nature and the Plaintiff, ALEC J. PASKO, will suffer the losses in the future.

WHEREFORE, the Plaintiff, ALEC J. PASKO, demands judgment for damages against the Defendant, DRESSER, INC., and would further demand a trial by jury of all issues so triable.

## COUNT VI - NEGLIGENCE OF DEFENDANT, DRESSER, INC.

61.     The Plaintiff, ALEC J. PASKO, realleges and asserts paragraphs one through eighteen as if stated in full herein.

62.     At all times material to the cause herein, the Defendant, DRESSER, INC., designed, marketed, tested, assembled, planned, engineered, constructed, built, inspected, advertised, distributed or sold within the State of Florida pressure gauge, in particular the subject gauge involved in this incident that occurred in Palm Beach County, Florida.

63.     At all times material to the cause herein, the Defendant, DRESSER, INC., had a duty to design, market, test, assemble, plan, engineer, construct, build, inspect, advertise, distribute or sell its pressure gauges, in particular the subject pressure gauge and its components, free of defects and product failures.

64.     In addition, the Defendant, DRESSER, INC., also had a duty to inspect its aforementioned pressure gauge which it designed, manufactured, tested, assembled, planned, engineered, constructed, built, inspected, advertised, distributed and/or sold prior to its distribution and sale within the State of Florida.

65.     That at all times material to the cause herein, the Defendant, DRESSER, INC., also had a duty to advise the ultimate end user of one its pressure gauge of the unreasonable dangerous hazards which it discovered or should have or could have discovered in the subject pressure gauge or in the alternative, had a duty to warn such individuals, such as the Plaintiff, ALEC J. PASKO, coming into contact with the pressure gauge of the unreasonable dangerous hazards which were known or should have been known by the Defendant, DRESSER, INC., and that the subject pressure gauge was negligent in that the subject gauge was carelessly designed, manufactured, tested, assembled, planned, engineered, constructed, built, inspected, advertised, distributed and/or sold and which was provided with careless and inadequate warnings.

66.     The Defendant, DRESSER, INC., was negligent in one or more of the following ways:

a)      The pressure gauge was improperly designed;

b)      Manufacturing, selling and distributing a pressure gauge without an over-pressure valve/relief valve included in the pressure gauge;

c)      Failing to have a screen incorporated into the design, manufacture and distribution of the gauge so as to prevent debris from entering into

16

the entry portions of the gauge, resulting in intrusion of debris affecting the accuracy of the gauge and the readings of the gauge;

        d)    Failure to have a locking band over and around the base plate so as to prevent intrusion of debris into the working parts of the gauge;

        e)    The Defendant failed to incorporate existing and available safety devices on the pressure gauge, which would have prevented or substantially reduced injuries to the Plaintiff, ALEC J. PASKO, or any foreseeable user;

        f)    The Defendant failed to provide adequate instructions on the proper use of the pressure gauge; and

        g)    Failure to warn of potential problems dealing with the accuracy of the gauge.

67.    That as a direct and proximate result of Defendant, DRESSER, INC.'s negligence, Plaintiff, ALEC J. PASKO, suffered serious and permanent injuries in this accident.

68.    The Plaintiff, ALEC J. PASKO, suffered bodily injury, resulting pain and suffering, disability, disfigurement, mental anguish, loss of the capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, cost of rehabilitation, loss of earnings, loss of the ability to earn money and aggravation of a pre-existing condition.  These losses are either permanent or continuing and the Plaintiff, ALEC J. PASKO, will suffer the losses in the future.

WHEREFORE, the Plaintiff, ALEC J. PASKO, demands judgment for damages against the Defendant, DRESSER, INC., and would further demand a trial by jury of all issues so triable.

### COUNT VII  - BREACH OF IMPLIED WARRANTY AGAINST DEFENDANT, DRESSER, INC.

69.    Plaintiff, ALEC J. PASKO, adopts and incorporates by reference paragraphs one through eighteen as if stated in full herein.

70.     At all times material to the cause herein, the Defendant, DRESSER, INC., designed, marketed, tested, assembled, planned, engineered, constructed, built, inspected, advertised, distributed or sold within the State of Florida pressure gauges, in particular the subject gauge involved in this incident that occurred in Palm Beach County, Florida.

71.     At all times material to the cause herein, Defendant, DRESSER, INC., manufactured, sold and/or distributed a pressure gauge to Defendant, UNITED RENTAL INC.

72.     At all times material to the cause herein, the Defendant, DRESSER, INC., knew that Defendant, UNITED RENTAL, INC., was in the business of renting equipment to the general public and would rent out its products for the use and benefit of the general public, including Plaintiff, ALEC J. PASKO.

73.     At all times material to the cause herein, the Defendant, DRESSER, INC., warranted to Defendant, UNITED RENTAL, INC., and to the ultimate user of its product, that its product, including its pressure gauge, were reasonably fit for their intended purposes.

74.     On or about May 30, 2005, the pressure gauge used by Plaintiff and which was manufactured, sold and distributed by Defendant, DRESSER, INC,., was in substantially the same condition as when it left the Defendant, DRESSER, INC.

75.     The Defendant, DRESSER, INC., breached its implied warranty of fitness for a particular purpose in one or more of the following ways:

    a)      The pressure gauge was improperly designed;

    b)      Manufacturing, selling and distributing a pressure gauge without an over-pressure valve/relief valve included in the pressure gauge;

    c)      Failing to have a screen incorporated into the design, manufacture and distribution of the gauge so as to prevent debris from entering into

the entry portions of the gauge, resulting in intrusion of debris affecting the accuracy of the gauge and the readings of the gauge;

d)   Failure to have a locking band over and around the base plate so as to prevent intrusion of debris into the working parts of the gauge;

e)   The Defendant failed to incorporate existing and available safety devices on the pressure gauge, which would have prevented or substantially reduced injuries to the Plaintiff, ALEC J. PASKO, or any foreseeable user;

f)   The Defendant failed to provide adequate instructions on the proper use of the pressure gauge; and

g)   Failure to warn of potential problems dealing with the accuracy of the gauge.

76.   As a direct and proximate result of the breach of implied warranty by Defendant, DRESSER, INC., the Plaintiff, ALEC J. PASKO, suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, cost of rehabilitation, loss of earnings, loss of the ability to earn money and aggravation of a previously existing condition.  These losses are either permanent or continuing and the Plaintiff, ALEC J. PASKO, will suffer the losses in the future.

WHEREFORE, the Plaintiff, ALEC J. PASKO, demands judgment for damages against the Defendant, DRESSER, INC., and would further demand a trial by jury of all issues so triable.

## COUNT VIII – STRICT LIABILITY AS TO DEFENDANT, FCX PERFORMANCE, INC.

77.   Plaintiff, ALEC J. PASKO, adopts and incorporates by reference paragraphs one through eighteen as if stated in full herein.

78.   At all times material to the cause herein, the Defendant, FCX PERFORMANCE, INC., was engaged in the business of testing, assembling, planning,

inspecting, marketing, advertising, distributing and/or selling pressure gauges to be used by people like the Plaintiff involved in the installation of underground storm drainage and as such, the Plaintiff, ALEC J. PASKO, was a foreseeable user of the subject pressure gauge.

79.     The aforementioned pressure gauge was defectively tested, assembled, planned, inspected, marketed, advertised, distributed and/or sold by the Defendant, FCX PERFORMANCE, INC., and the defective condition rendered the subject pressure gauge unreasonably dangerous to the Plaintiff, ALEC J. PASKO, as a foreseeable user.

80.     The subject pressure gauge was not changed or altered in any material respect from the time that it was sold or distributed by the Defendant, FCX PERFORMANCE, INC., prior to the accident and it was in substantially the same condition at the time of the incident as when it left the possession and control of the Defendant, FCX PERFORMANCE, INC.

81.     At the time and place of the subject accident and at the time of the distribution and sale by the Defendant, FCX PERFORMANCE, INC., the subject pressure gauge and its components and parts were defectively, unreasonably dangerous and unsafe for foreseeable use in that, without limitation, the pressure gauge was defective and reasonably dangerous in the following respect:

a)     The pressure gauge was improperly designed;

b)     Selling and distributing a pressure gauge without an over-pressure valve/release valve included in the pressure gauge;

c)     Failing to have a screen incorporated into the selling and distribution of the gauge so as to prevent debris from entering into the entry portion of the gauge, resulting in an intrusion of debris effecting the accuracy of the gauge and the readings of the gauge;

d)      Failing to have a locking band over and around the base plate so as to prevent intrusion of debris into the working parts of the gauge;

e)      The Defendant failed to incorporate existing and available safety devices on the pressure gauge which have prevented or substantially reduced injuries to the Plaintiff, ALEC J. PASKO, or any foreseeable user;

f)      The Defendant failed to provide adequate instruction on the proper use of the pressure gauge; and

g)      Failure to warn of a potential problem dealing with the accuracy of the gauge.

82.     At the time and place that the pressure gauge and its components left the control of the Defendant, FCX PERFORMANCE, INC., their place in the stream of commerce, sold and/or distributed within the State of Florida and the defective condition which rendered the pressure gauge and components parts unreasonably dangerous by reason of the defects.

83.     That the subject pressure gauge was at the time of the incident being used in the manner which was reasonably foreseeable and expected by the Defendant, FCX PERFORMANCE, INC.

84.     At the time material to the cause herein, the Defendant, FCX PERFORMANCE, INC., knew or should have known that at the time that the product was tested, assembled, planned, inspected, marketed, advertised, distributed and/or sold and placed on the market, the subject pressure gauge and its component parts would be used without inspection for defects.

85.     The aforementioned defects in the pressure gauge were the approximate cause or contributing cause of the damages and injuries suffered by the Plaintiff, ALEC J. PASKO.  The Defendant, FCX PERFORMANCE, INC., is strictly liable to the Plaintiff, ALEC J. PASKO, for the defective product and/or for product failure and resulting damage therefrom.

86.     As a direct and proximate result of the defective condition of the pressure gauge and the unreasonable dangerous condition which existed in it, the Plaintiff, ALEC J. PASKO, suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of the ability to earn money and aggravation of a previously existing condition. These losses are either permanent or continuing in nature and the Plaintiff, ALEC J. PASKO, will suffer the losses in the future.

WHEREFORE, the Plaintiff, ALEC J. PASKO, demands judgment for damages against the Defendant, FCX PERFORMANCE, INC., and would further demand a trial by jury of all issues so triable.

### COUNT IX – NEGLIGENCE OF FCX PERFORMANCE, INC.

87.     Plaintiff, ALEC J. PASKO, adopts and incorporates by reference paragraphs one through eighteen as if stated in full herein.

88.     At all times material to the cause herein, the Defendant, FCX PERFORMANCE, INC., tested, assembled, planned, inspected, marketed, advertised, distributed or sold within the State of Florida pressure gauges, in particular, the subject gauge involved in the incident that occurred in Palm Beach County, Florida.

89.     At all times material to the cause herein, the Defendant, FCX PERFORMANCE, INC., had a duty to market, test, assemble, plan, inspect, advertise, distribute or sell its pressure gauges, in particular the subject pressure gauge and its components, free of defects and product failures.

90.     In addition, the Defendant, FCX PERFORMANCE, INC., also had a duty to inspect its aforementioned pressure gauges which it helped test, assemble, plan, inspect, advertise, market, distribute and/or sold prior to its distribution and sale within the State of Florida.

91.     At all times material to the cause herein, the Defendant, FCX PERFORMANCE, INC., also had a duty to advise the ultimate end user of one of its pressure gauges of the unreasonable dangerous hazards which it discovered or should have or could have discovered in the subject pressure gauge or in the alternative, had a duty to one such individual, such as the Plaintiff, ALEC J. PASKO, coming into contact with the subject pressure gauge of the unreasonable dangerous hazards which were known or should have been known by the Defendant, FCX PERFORMANCE, INC., and that the subject pressure gauge was negligently marketed, distributed and/or sold and that the subject gauge was carelessly manufactured, tested, assembled, planned, constructed, built, inspected, advertised, distributed and/or sold and which was provided with careless and inadequate warnings.

92.     The Defendant, FCX PERFORMANCE, INC., was negligent in one or more of the following ways:

a)      The pressure gauge was improperly designed;

b)      Selling and distributing of the pressure gauge without an over-pressure valve/release valve included in the pressure gauge;

c)      Failing to have a screen incorporated into the design and distribution of the gauge so as to prevent debris from entering into the entry portions of the gauge, resulting in intrusion of debris affecting the accuracy of the gauge and the readings of the gauge;

d)      Failing to have a locking band over and around the base plate so as to prevent intrusion of debris into the working parts of the gauge;

e)      The Defendant failed to incorporate existing and available safety devices on the pressure gauge, which would have prevented or substantially reduced injuries to the Plaintiff, ALEC J. PASKO, or any foreseeable user;

f)      The Defendant failed to provide adequate instructions on the proper use of the pressure gauge; and

g)      Failing to warn of potential problems dealing with the accuracy of the gauge.

93.    That As a direct and proximate result of the negligence of the Defendant, FCX PERFORMANCE, INC., the Plaintiff, ALEC J. PASKO, suffered serious and permanent injuries in this accident.

94.    The Plaintiff, ALEC J. PASKO, suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, cost of rehabilitation, loss of earnings, loss of the ability to earn money and aggravation of a pre-existing condition.  These losses are either permanent or continuing and the Plaintiff, ALEC J. PASKO, will suffer the losses in the future.

WHEREFORE, the Plaintiff, ALEC J. PASKO, demands judgment for damages against the Defendant, FCX PERFORMANCE, INC., and would further demand a trial by jury of all issues so triable.

I HEREBY CERTIFY that a true and correct copy of the foregoing has been forwarded to RANDY R. DOW, ESQ., 505 South Flagler Drive, Suite 600, West Palm Beach, Florida 33401, RAUL ROMAGUERA, ESQ., 3910 RCA Boulevard, Suite 1015, Palm Beach Gardens, Florida 33410 and SIMEON D. BRIER, ESQ., 350 East Las Olas Boulevard, Suite 1150, Fort Lauderdale, Florida 33301, this 31st day of October, 2006.  In addition, this document has been filed electronically with the Clerk of Court using CM/ECF this 11th day of December, 2006.

SCHULER, HALVORSON & WEISSER, P.A.
1615 Forum Place, Suite 4D
West Palm Beach, Florida  33401
Tel.:  (561) 689-8180

By: /s/Steven W. Halvorson
       Steven W. Halvorson
       Florida Bar No. 229571

## <u>COUNSEL OF RECORD</u>

<u>Attorneys for United Rentals:</u>
Randy R. Dow, Esq.
Page, Mrachek, Fitzgerald & Rose, P.A.
505 South Flagler Drive, Suite 600
West Palm Beach, Florida  33401

<u>Attorneys for Oatey Company:</u>
Raul Romaguera, Esq.
3910 RCA Boulevard, Suite 1015
Palm Beach Gardens, Florida  33410

<u>Attorneys for Dresser, Inc.:</u>
Simeon D. Brier, Esq.
Edwards Angell Palmer & Dodge, LLP
350 East Las Olas Boulevard, Suite 1150
Fort Lauderdale, Florida  33301